Bryan Francesconi, OSB No. 063285
Assistant Federal Public Defender
101 S.W. Main, Suite 1700
Portland, OR  97204
Tel:     (503) 326-2123
Fax:    (503) 326-5524
Email:         bryan_francesconi@fd.org

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.: 3:21-cr-00016-IM |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| **CODY LEVI MELBY,** | |
| Defendant. | |

The defendant, Cody Levi Melby, will appear before the Court for sentencing on November 1, 2021. Mr. Melby has pleaded guilty to Count 1 of the Indictment, Possession of a Firearm in a Federal Facility, 18 U.S.C. § 930(b). The government will move at the time of sentencing to dismiss the related misdemeanor offense charged in Case No. 3:21-cr-00002-IM.

Page 1     DEFENDANT'S SENTENCING MEMORANDUM

The United States Probation Office, in the Presentence Report (PSR), makes a recommendation of a five-year term of probation, along with eight months of community confinement reduced by time served in pretrial detention. Per the plea agreement, the government and Mr. Melby join in this recommendation.

Mr. Melby was placed in federal custody on January 11, 2021. On March 22, 2021, he was released to the Northwest Regional Residential Reentry Center. (NWRRC). On April 12, 2021, he was detained for walking away from the NWRRC. Released again on May 3, 2021, Mr. Melby was re-arrested on May 28, 2021. Mr. Melby has remained in custody since. At his sentencing, Mr. Melby will have spent approximately 8 months and 5 days in pretrial detention.

### United States Sentencing Guideline Calculation

As reflected in the plea agreement and the PSR, the parties agree Mr. Melby's relevant conduct of Possession of a Firearm in a Federal Facility results in a base offense level of 6 under U.S.S.G. § 2K2.5(a). However, the parties agree that the cross reference at U.S.S.G. § 2K2.5(c)(1)(A) applies. As Mr. Melby's guideline sentence under the dismissed misdemeanor results in an offense level greater that that under U.S.S.G. § 2K2.5, the Court should apply U.S.S.G. § 2B1.1(a)(2). U.S.S.G. § 2B1.1(a)(2) provides for a level 6 base offense level for violating the crime of Depredation of Federal Property in violation of 18 U.S.C. § 1361. The parties further agree that the base level should be increased to base level 14 pursuant to U.S.S.G. § 2B1.1(b)(16). The parties agree that Mr. Melby qualifies for a two-level reduction for acceptance of responsibility under U.S.S.G. §

3E1.1(a). Accordingly, Mr. Melby's final offense level is 12. After application of the jointly recommended one level reduction under 18 U.S.C. § 3553(a), Mr. Melby's final offense level is 11.

With a final offense level of 11 and a Criminal History Category I, Mr. Melby's final guideline sentence range is 8-14 months' imprisonment. Mr. Melby is requesting a five-year term of probation, along with eight months of community confinement reduced by time served in pretrial detention. Upon completion of his federal matter, as discussed in an accompanying submission, Mr. Melby will be transferred into Multnomah County custody where he is facing a parallel prosecution for the same conduct.

### Conditions of Probation and Fines

Mr. Melby understands the Court will impose a term of probation of five years. The PSR recommends the 13 standard conditions of probation plus 12 special conditions. As discussed in an accompanying document, Mr. Melby objects to two special conditions. Mr. Melby has no objection to the remaining conditions. Regarding the fee assessment, while Mr. Melby understands there is a $100 mandatory assessment under 18 U.S.C. § 3013, he requests the Court to waive all other fines and fees as he is unemployed and has been incarcerated for the past six months.

### The Advisory Sentencing Guidelines

The Sentencing Guidelines are "the starting point and the initial benchmark" for a sentencing court. *Gall v. United States*, 552 U.S. 38, 49 (2007). A court is required to "correctly calculat[e] the applicable Guidelines range." *Id*. But the Guidelines are "not the

only consideration." *Id*. "[T]hey are one factor among the §3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citing *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)). "[T]he Guidelines factor [may not] be given more or less weight than any other." *Id*. The district court may not presume that the Guidelines sentence should be imposed. *Rita v. United States*, 551 U.S. 338, 351 (2007).

After correctly calculating the applicable Guidelines range, the court must consider all of the §3553(a) factors and make an "individualized assessment." *Gall*, 552 U.S. at 50. While the sentencing judge must consider the Guidelines range in fashioning a sentence, in the end, the "overarching" consideration is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing ...." *Kimbrough*, 552 U.S. at 101. "[F]ashioning a just sentence cannot be reduced to a mere arithmetical exercise" and "[r]eliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of *judgment." United States v. Biheiri,* 356 F. Supp. 2d 589, 594 (E.D. Va. 2005).

### The Parsimony Principle

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

Page 4   DEFENDANT'S SENTENCING MEMORANDUM

- To reflect the seriousness of the offense;

- To afford adequate deterrence to criminal conduct;

- To protect the public from further crimes of the defendant; and

- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

### Conclusion

For the reasons stated above and discussed in an accompanying sentencing submission, Mr. Melby respectfully requests the Court to find that a sentence of five years' probation, is "sufficient, but not greater than necessary," to comply with the following purposes of sentencing. *Dean* 137 S. Ct. at 1175.

RESPECTFULLY submitted this 27th day of October 2021.

/s/ Bryan Francesconi
Bryan Francesconi
Attorney for Defendant