SCOTT ERIK ASPHAUG, OSB #833476
Acting United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America


# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:21-cr-00016-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **CODY LEVI MELBY,** | |
| **Defendant.** | |

The United States of America respectfully submits this sentencing memorandum for the Court's consideration in the above-captioned case. Defendant has plead guilty to possession of a firearm in a federal facility pursuant to a plea agreement and a dismissal of the charges in case number 3:21-cr-00002-IM. The parties jointly recommend a sentence of five years' probation, including 8 months' community confinement as a condition of probation and special conditions of probation tailored to address defendant's underlying mental health issues and other conditions geared to safely supervise him in the community.

**Government's Sentencing Memorandum**                                          **Page 1**

## I.    CRIME OF CONVICITON

The PSR accurately sets forth the facts related to defendant entering a federal facility armed with a handgun and a switchblade knife (PSR ¶¶ 16-20). On January 8, 2021, at approximately 7:20 p.m., security video captured defendant climbing over a security fence passing signs marking the area as a federal facility.

 

*Timestamp: 7:20PM MELBY inside of the protective fence walking west along the south side of the courthouse with signs visible on the gate.*

The signs clearly indicated that weapons were prohibited within the federal facility.

 

At approximately 7:22 p.m., defendant walked up to the portico area in front of the entrance to the Mark O. Hatfield federal courthouse, pulled the firearm from his waistband and shot multiple times.



Defendant appears to aim at exterior support structures that had been wrapped in protective plywood in response to protest-related vandalism. From the video, defendant did not appear to fire at the interior of the building.

After he stopped shooting, defendant removed the magazine from the weapon, laid the gun and magazine on the ground and walked away from the firearm. He walked about the front portico area for approximately five minutes, retrieved the gun, holstered it, and walked back towards the area where he had jumped the fence earlier.

**Government's Sentencing Memorandum**                                             **Page 3**

Court security officers responded and encountered defendant still inside the security fence. Defendant immediately put his hands up, told the officers he had a gun, and surrendered to them. The officers searched defendant incident to his arrest and recovered a loaded Glock 9mm pistol with a round in the chamber from a holster on defendant's belt. The gun had been fitted with a flashlight. In defendant's pants pocket, the officers found a switchblade knife.

Defendant told the officers he had fired his gun into the ground and not into the building. The officer asked defendant why he was there, and defendant stated, "Because I am tired of all the shit you guys have to take." Investigators recovered five spent 9mm casings from the area where defendant had shot. Government workers inspected the damage and found multiple bullet strikes to the protective plywood, but no damage to the building's stone structures. Workers were able to re-install the damaged plywood. The government is not seeking restitution for the expenses incurred from defendant's crimes.

The Court accepted defendant's guilty plea to the felony charge alleged in Count One – possession of a firearm in a federal facility, in violation of 18 U.S.C. § 2119(1).  The Court ordered a presentence report in this matter.

The government has no objections to the PSR. The PSR accurately reflects defendant's lack of criminal history (PSR ¶ 36).

Defendant has other pending criminal matters. Two days before this incident, defendant was arrested for misdemeanor charges stemming from an incident where he possessed a firearm on the Oregon State Capitol grounds (Marion County Circuit Court #21CR01394) (PSR ¶ 40). Defendant has been charged with multiple firearms offenses in Multnomah County Circuit Court Case #21CR01320 from the same conduct in this case (PSR ¶ 41). The plea agreement in this

case does not contemplate a global agreement for defendant's pending matters in state court. Pursuant to the plea agreement, the government will move to dismiss the federal misdemeanor vandalism charge in case number 3:21-cr-00002-IM after defendant is sentenced in this case.

## II.    GUIDELINE APPLICATION AND SENTENCING CONSIDERATIONS

The government concurs with the PSR writer's advisory guideline calculation (PSR ¶ ¶ 29-40). Defendant's relevant conduct scores a base offense level of 14 (PSR ¶ 26, USSG §§ 2K2.5, 2K2.5(c)(1)(A) and 2B1.1(b)(16) by cross reference).  Two levels are subtracted for acceptance of responsibility (USSG § 3E1.1(a)). The parties agree to a one-level downward variance for all factors listed in 18 U.S.C. § 3553(a), including defendant's mental health diagnoses (PSR ¶ 56-58).  The parties agree defendant's total offense level is 11.

Defendant's criminal history scores zero points, which places him in criminal history category I. Defendant's advisory sentencing guideline range 8-14 months' imprisonment. Defendant's advisory guideline is within Zone B of the federal sentencing guidelines so he is eligible for probation. The parties agree to recommend a sentence of five years' probation with 8 months' community confinement as a condition of probation (to be reduced by time served in pretrial detention). This condition may be satisfied by particpation at an in-patient treatment facility approved by the probation department (USSG § 5C1.1(e)(2)).

In addition to the mandatory conditions of probation, and the standard conditions of probation listed in the PSR, the parties have jointly recommended that the court impose all the special conditions in the PSR including conditions:

-    prohibiting defendant from entering a three-block radius of the Hatfield Courthouse (Special Condition #3);

**Government's Sentencing Memorandum**                                    **Page 5**

- requiring defendant participate in mental health treatment (Special Condition #7);

- requiring defendant take all prescribed mental health medications (Special Condition #8);

- prohibiting defendant from frequenting websites containing content related to conspiring with or inciting others to commit acts of violence (Special Condition #11); and

- requiring device monitoring (Special Conditions #9 and 10).

## III.    ARGUMENT

Defendant is a disabled veteran with a concerning mental health history who had spent months perseverating on the 2020 protests and the presidential election. At the time of his arrest, he said he shot at the courthouse structure so he could make a statement to a federal judge.

As detailed in the PSR, defendant's background describes a tumultuous childhood that lead him to enlist in the Army (2000-2004) and later in the Oregon National Guard (2004-2017) where he served honorably, earning combat medals for his distinguished service including the Bronze Star (PSR ¶ 66).  Defendant separated from the Army on November 8, 2017.

Defendant's VA records indicate he suffers from insomnia, anxiety, depression, chronic PTSD, and panic attacks (PSR ¶¶ 55, 56).  Defendant had been in treatment with a mental health counselor who retired before the instant offense (PSR ¶ 57). Defendant had been prescribed medications in the past for his various conditions (PSR ¶ 58). According the PSR, defendant's physical and mental health had declined to the point where he had to step away from his successful business in 2019 (PSR ¶ 67).

**Government's Sentencing Memorandum**                                        **Page 6**

The defendant's mental decline does not excuse his dangerous behavior. However, his background, motivations, and mental issues helps to place in context his bizarre actions of deliberately shooting at a structure, placing his weapon on the ground, and patiently waiting to be taken into custody. Fortunately, no one was injured during this incident. Defendant's reckless actions were calculated and intended to a make a statement.

While the Court could impose a longer period of incarceration as the advisory guideline (without a variance) would be 10-16 months' imprisonment, followed by three years of supervised release. The sentence recommended by the parties trades a longer prison sentence for a longer period of supervision imposed as five years' probation. This longer period of supervision will not only serve the public safety interest of keeping tabs on defendant's compliance, but also serve to help assure defendant's rehabilitation and treatment. Should defendant violate the conditions of his probation, the Court will have the opportunity to revoke his probation and sentence him to additional incarceration *and* impose an additional term of supervised release.

This prosecution resulted in defendant's first federal felony conviction. He will be prohibited from owning firearms as a result of this conviction. The recommended sentence is a carefully tailored set of conditions to monitor defendant's online activities and his mental health issues. The sentence is sufficient but not more than necessary to achieve the goals of sentencing. This sentence will deter defendant and others like him from using firearms to make political statements, and put him on notice, that any further violent conduct could result in a serious and lengthy federal sentence.

**Government's Sentencing Memorandum**                                    **Page 7**

III.    **CONCLUSION**

The government respectfully recommends that the Court sentence defendant to five years' probation, with a special condition of 8 months community confinement and all other conditions as set forth in the PSR.

Dated: October 28, 2020                              Respectfully submitted,

                                                     SCOTT ERIK ASPHAUG
                                                     Acting United States Attorney

                                                     *|s| Paul T. Maloney*
                                                     PAUL T. MALONEY, OSB#013366
                                                     Assistant United States Attorney

**Government's Sentencing Memorandum**                              **Page 8**